IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SISTRUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al. | : | NO. 06-5630 |

**ORDER-MEMORANDUM**

**AND NOW,** this 30th day of October, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Report and Recommendation of Magistrate Judge Elizabeth T. Hey are **OVERRULED** as to Petitioner's claim that he is actually innocent based upon information discovered on April 29, 2002 (Claim One).

2. The Report and Recommendation is **APPROVED** and **ADOPTED** as to Claim One, and Claim One of the Petition is **DISMISSED**;

3. Petitioner's Objections to the Report and Recommendation with respect to his claim that he is actually innocent based upon information discovered on June 22, 2006 (Claim Two) are **SUSTAINED**;

4. The Petition is **STAYED** with respect to Claim Two pending the state court's disposition of Petitioner's pending state post-conviction petition;

5. The Clerk shall place this case in civil suspense and mark it closed for statistical purposes only; and

      6.      Petitioner shall notify this Court of the disposition of the above-mentioned state court proceedings within fourteen (14) days of the final disposition of those proceedings.

I.    BACKGROUND

On May 18, 1995, Petitioner was sentenced to life imprisonment for the July 23, 1993 murder of Julmaine Moody. See Commonwealth v. Sistrunk, No. 2514 EDA 2003, slip op. at 1-2 (Pa. Super. Ct. Jan. 26, 2005). He was also sentenced to terms of imprisonment of two and one-half to five years for possession of an instrument of crime; one to two years for each of two counts of reckless endangerment; and one to two years for each of two counts of simple assault, the lesser sentences to run concurrently to the life sentence. Id. at 2. His sentence was affirmed by the Pennsylvania Superior Court on July 19, 1996. Commonwealth v. Sistrunk, No. 3511 Phila. 1995, slip op. (Pa. Super. Ct. July 19, 1996). His petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 11, 1996. Commonwealth v. Sistrunk, 686 A.2d 1310 (Pa. 1996) (table).

He filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546 on December 11, 1997, asserting that his appellate counsel was ineffective for failing to challenge the effectiveness of his trial counsel. Commonwealth v. Sistrunk, No. 1855 EDA 1999, slip op. at 1-2 (Pa. Super. Ct. June 19, 2000). The PCRA court dismissed the petition on the grounds that the issues had been litigated on direct appeal. Id. at 1. The dismissal was affirmed by the Pennsylvania Superior Court on June 19, 2000. Id. at 3. Petitioner filed a second PCRA petition on June 26, 2002, asserting that he was entitled to a new trial or evidentiary hearing based upon newly discovered evidence that another person had admitted to the shooting of Julmaine Moody. Sistrunk, No. 2514 EDA 2003, slip op. at 3. Petitioner alleged

that he learned, on April 29, 2002, that "Damon Rodriguez, who is now deceased, allegedly told Manuel Rodriguez in 1993 that it was he who was driving the car and who shot at Snyder and hit Moody." Id. at 5. The PCRA court dismissed this petition as untimely on July 9, 2003. Id. at 3. The Superior Court affirmed on January 26, 2005. Id. at 8. Petitioner's petition for allowance of appeal of this decision was denied by the Pennsylvania Supreme Court on October 4, 2005. Commonwealth v. Sistrunk, 885 A.2d 533 (Pa. 2005) (table). On August 18, 2006, Petitioner filed a third PCRA petition, asking the PCRA court to vacate his conviction and sentence based upon newly discovered evidence of Petitioner's actual innocence. The third PCRA petition asserts that:

> On June 22, 2006, Petitioner's present counsel received a letter from Gregory Anderson. In the letter, Anderson admits that he testified falsely at Petitioner's preliminary hearing because the police had coerced him into saying that Petitioner was the shooter/driver under threat of being charged with a crime himself. Mr. Anderson did not shown [sic] up to testify at Petitioner's trial because he knew that the police were expecting him to testify similar [sic] to that which he falsely gave at the preliminary hearing and he didn't want to perjure himself again. . . . Mr. Anderson's truthful testimony would have exonerated Petitioner of the crimes he has been convicted of.

(Resp. to Pet., Ex. E at 4-5.) The third PCRA petition is still pending in the state court. (Obj. ¶ 2.)

Petitioner filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on December 22, 2006. He asserts two claims for relief based upon newly discovered evidence of his actual innocence: (1) the confession of Damon Rodriguez to his brother Manuel Rodriguez, which Petitioner learned about on April 29, 2002, and (2) the letter Petitioner's attorney received from Gregory Anderson on June 22, 2006. (Pet. ¶ 12(A), (B).) On July 5, 2007, Magistrate Judge Hey issued a Report and Recommendation, recommending that we dismiss the Petition. The Report and Recommendation recommends that Petitioner's first claim for relief be dismissed as time-barred

3

and that his second claim for relief be dismissed because it is unexhausted.

II.     CLAIM ONE

Petitioner objects to the recommendation that Claim One should be dismissed as untimely on the grounds that this claim is not time-barred and, if it is, that he is entitled to equitable tolling with respect to this claim. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which went into effect on April 24, 1996, established a one-year limitations period for the filing of a petition for writ of habeas corpus which begins to run on the latest of:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner contends that Claim One is not untimely because he could not have discovered this claim prior to April 29, 2002. (Obj. ¶ 3.) Assuming, *arguendo,* that Petitioner could not have discovered the factual predicate of his claim of actual innocence based on the 1993 confession of Damon Rodriguez prior to April 29, 2002, we use that date to determine the timeliness of the instant Petition.[1]

---

[1] We use this date, rather than the date Petitioner's judgment became final, pursuant to 28 U.S.C. § 2244(d)(1)(D), because Petitioner claims to have learned of the confession of Damon

The AEDPA provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's second PCRA petition, which was based on the confession of Damon Rodriguez, was filed on June 26, 2002. The Petition was dismissed as untimely on July 9, 2003. Sistrunk, No. 2514 EDA 2003, slip op. at 3. The Superior Court affirmed and the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal on October 4, 2005. Sistrunk, 885 A.2d at 533.

The limitations period for assertion of Claim One cannot, however, be tolled by the filing of Petitioner's second PCRA petition because, if a state post-conviction petition is untimely under state law, it does not toll the running of the AEDPA limitations period. "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) (internal quotation marks omitted); see also Merrit v. Blaine, 326 F.3d 157, 163 (3d Cir. 2003) ("[A] PCRA petition that was dismissed by the state court as time-barred was not 'properly filed' under AEDPA." (citing Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001))). The one-year period for filing Petitioner's claim of actual innocence based upon the confession of Damon Rodriguez thus ran no later than April 29, 2003 (one year after Petitioner claims that he could have first learned of the factual predicate of this claim through the exercise of reasonable diligence) and this claim was untimely when it was filed on December 22, 2006.

Petitioner also objects to the recommendation that Claim One should be dismissed as

---

Rodriguez on April 29, 2002, after the date upon which his judgment of conviction became final (March 11, 1997). See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) ("[A] state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.").

untimely on the grounds that he is entitled to equitable tolling of the limitations period for this claim. Although the AEDPA limitations period is subject to equitable tolling, the United States Court of Appeals for the Third Circuit has "cautioned . . . that courts should be sparing in their use of this doctrine." LaCava v. Kyler, 398 F.3d 271, 275 (3d Cir. 2005) (citing Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999)). Equitable tolling should only be applied "'in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice.'" Id. (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)). The doctrine of equitable tolling is only available to a petitioner when "'the principle of equity would make the rigid application of a limitation period unfair.'" Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006) (quoting Merritt, 326 F.3d at 168). The burden is on the petitioner "seeking equitable tolling . . . to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" Id. (quoting Pace, 544 U.S. at 418). Equitable tolling may be available to a petitioner in four circumstances: "'(1) [if] the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; . . . (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum'" id. (quoting Fahy, 240 F.3d at 244); and 4) if the "court has misled a party regarding the steps that the party needs to take to preserve a claim." Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Petitioner does not contend that any of these circumstances exist in this case.

Petitioner argues, instead, that he is entitled to equitable tolling in this case because he is actually innocent. The Third Circuit has not yet explicitly determined whether the AEDPA limitations period may be equitably tolled based on a claim of actual innocence. See Horning v. Lavan, 197 Fed. Appx. 90, 93 (3d Cir. 2006) ("[W]e have yet to hold that the AEDPA statute of

6

limitations can be equitably tolled on the basis of actual innocence." (citing United States v. Davies, 394 F.3d 182, 191 n.8 (3d Cir. 2005))). However, the Third Circuit has determined that, if it were to permit equitable tolling based upon a claim of actual innocence, a petitioner would not be entitled to benefit from equitable tolling unless he exercised reasonable diligence in pursing his claim. See id. at 94 ("[E]ven assuming that this court were to permit equitable tolling of the AEDPA statute of limitations when a viable claim of actual innocence has been presented, Horning's claim would nevertheless fail because he did not exercise reasonable diligence in pursuing his actual innocence claim.").

Petitioner contends that he exercised reasonable diligence in asserting Claim One in federal court, because he was required, by the AEDPA, to exhaust this claim in state court before bringing it here. (Obj. ¶ 3.) Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has first exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). This means that "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842. Exhaustion also requires that the petitioner seek review of any adverse decision through the state's appellate review process. Id. at 845 (concluding that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); see also Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007).

Petitioner did not, however, bring this claim in federal court immediately after the Pennsylvania Supreme Court denied review of his second PCRA petition on October 4, 2005. He waited, instead, until December 22, 2006, more than fourteen months later. Petitioner does not assert

any cause for his delay in filing the instant Petition. We conclude, under these circumstances, that Petitioner did not exercise reasonable diligence in asserting Claim One in this Court. We find, accordingly, that he is not entitled to equitable tolling of the AEDPA's one-year limitations period with respect to Claim One. Petitioner's objections to the recommendation that we dismiss Claim One are, therefore, overruled.

III.    CLAIM TWO

Petitioner objects to the recommendation that Claim Two be dismissed, without prejudice, as unexhausted, on the ground that the Court should, instead, stay the instant proceeding and hold it in abeyance pending the outcome of his third PCRA petition. (Obj. ¶¶ 1-2.) Petitioner claims that he exercised reasonable diligence in bringing his state and federal actual innocence claims following his attorney's receipt of Gregory Anderson's letter on June 22, 2006. (Pet.'s Mem. at 5-7.) He filed his third PCRA petition, based upon this letter, on August 18, 2006. (Resp. to Pet., Ex. E.) Petitioner maintains that he filed the instant Petition prior to the conclusion of state court review of this claim because of the one-year AEDPA limitations period for claims based upon newly discovered evidence. He was concerned that the one-year AEDPA limitations period, which begins to run "on the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence," 28 U.S.C. § 2244(d)(1)(D), would run with respect to Claim Two by June 22, 2007, before the state court concluded its review of his third PCRA petition.

More than one year has already passed since Petitioner's counsel received Gregory Anderson's letter. Petitioner has informed the Court that, on July 12, 2007, the PCRA court dismissed his third PCRA petition as untimely. (Obj. ¶ 2.) In order to fully exhaust this claim, he

has to invoke "one full round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. It is obvious that, if the Pennsylvania Superior Court affirms the PCRA court's dismissal of this claim as untimely, by the time the State's appellate review of this claim has concluded, and this claim is fully exhausted in state court, it will be time-barred in federal court. See 28 U.S.C. § 2244(d)(1)(D) and (d)(2). We find that dismissing Claim Two under these circumstances "would run a substantial risk of unfairly depriving [Petitioner] of any subsequent opportunity to obtain relief in a federal forum." Hollman v. Horn, Civ. A. No. 06-3867, 2007 U.S. Dist. LEXIS 8283, at *3-*4 (E.D. Pa. Feb. 5, 2007).

Petitioner urges us to employ the "stay and abeyance" procedure that is applied to § 2254 petitions that include both exhausted and unexhausted claims. (Obj. ¶ 2.)

> Under this procedure, rather than dismiss the mixed petition . . . a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court.

Rhines v. Weber, 544 U.S. 269, 275-76 (2005). The application of "stay and abeyance" is appropriate where "(1) 'the petitioner had good cause for his failure to exhaust,' (2) 'his unexhausted claims are potentially meritorious,' and (3) 'there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" Hollman, 2007 U.S. Dist. LEXIS 8283, at *6-7 (quoting Rhines, 544 U.S. at 278). We find that, with respect to Claim Two, Petitioner "had good cause for his failure to exhaust," that this claim is not plainly meritless, and that "there is no indication that [he] engaged in intentionally dilatory litigation tactics" regarding this claim. Id.

Petitioner's objection to the recommendation that Claim Two be dismissed as unexhausted

is, accordingly, sustained. The Petition is stayed as to Claim Two and will be held in abeyance until Petitioner notifies the Court that the state court's review of his third PCRA petition has concluded.

BY THE COURT:

/s/ John R. Padova
_____
John R. Padova, J.