IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SISTRUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al. | : | NO.  06-5630 |

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE                    February  24, 2009

      This is a counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2254, on behalf of Edward Sistrunk ("Petitioner"), an individual currently incarcerated

at the State Correctional Institution in Somerset, Pennsylvania.  On July 5, 2007, I filed a

Report and Recommendation in which I recommended that the first of Petitioner's two

claims be dismissed as time-barred and that the second claim be dismissed, without

prejudice, as unexhausted.[1]  By Order-Memorandum dated October 31, 2007, the

Honorable John R. Padova, United States District Court Judge for the Eastern District of

Pennsylvania, approved and adopted the Report as to Claim One, but sustained

Petitioner's objections and stayed the petition with respect to Claim Two pending the

state court's disposition of his pending post-conviction petition.  Petitioner proceeded to

exhaust his second claim in the state courts.  Thereafter, on October 30, 2008, Judge

---

[1]As discussed more fully below, the petition presents two claims of actual innocence based upon two pieces of alleged "newly-discovered" evidence – (1) the confession of Damon Rodriguez (now deceased) to his brother Manuel Rodriguez, and (2) a letter from Gregory Anderson in which Anderson avers that he provided false testimony at Petitioner's preliminary hearing.  Only the second claim is at issue in this Supplemental Report.

Padova recommitted the matter to me for a Supplemental Report and Recommendation as to Claim Two.  For the reasons that follow, I find that Claim Two is time-barred and therefore recommend that the entire petition be dismissed as untimely filed.

## I.    PROCEDURAL HISTORY[2]

On May 18, 1995, following a non-jury trial, the Honorable David N. Savitt, Court of Common Pleas of Philadelphia County, convicted Petitioner of first degree murder, possessing an instrument of crime, two counts of recklessly endangering another person, and two counts of simple assault.[3]  Judge Savitt subsequently sentenced Petitioner to life imprisonment for murder, plus lesser sentences on the other counts to run concurrently with the life sentence.  After allowing substitution of new counsel, Judge Savitt denied Petitioner's post-sentence motion for a new trial alleging ineffectiveness of trial counsel.

Petitioner appealed to the Pennsylvania Superior Court, raising three claims of ineffective assistance of counsel.  On July 19, 1996, the Superior Court affirmed the judgment of sentence by memorandum opinion.  <u>Commonwealth v. Sistrunk</u>, 3511 PHILA 1995 (Pa. Super. July 19, 1996).  Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which was denied on December 11, 1996.  <u>Commonwealth v. Sistrunk</u>, 686 A.2d 1310 (Pa. 1996) (table).

--------

[2]Much of the following procedural history is contained in my original Report, but I include it here in its entirety for purposes of convenience.

[3]The convictions stem from the shooting death of Julmaine Moody in Philadelphia on July 23, 1993.

On December 11, 1997, Petitioner filed a pro se application for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 et seq.  Counsel was appointed and filed an amended PCRA petition, raising two claims of ineffectiveness of appellate counsel for failing to challenge trial counsel's effectiveness.  On May 20, 1999, following an evidentiary hearing, the PCRA Court dismissed the petition, concluding that the issues had been previously litigated on direct appeal.  Petitioner appealed to the Pennsylvania Superior Court, which affirmed the dismissal in a memorandum opinion dated June 19, 2000.  Commonwealth v. Sistrunk, 1855 EDA 1999 (Pa. Super. 2000).

On June 26, 2002, Petitioner filed a second, counseled PCRA petition (followed by an amended petition and an affidavit), arguing that he was entitled to a new trial or evidentiary hearing based upon newly-discovered evidence in the form of a confession made by Damon Rodriguez (now deceased) to his brother Manuel Rodriguez.  See Response, at Exhibit "E."  On July 9, 2003, the PCRA Court dismissed the second PCRA petition as untimely.  Petitioner appealed to the Pennsylvania Superior Court, which affirmed the dismissal by memorandum opinion dated January 26, 2005.  Commonwealth v. Sistrunk, 2514 EDA 2003 (Pa. Super. 2005).  On October 4, 2005, the Pennsylvania Supreme Court denied discretionary review.  Commonwealth v. Sistrunk. 872 A.2d 1275 (Pa. 2005) (table).

On August 18, 2006, Petitioner filed a third, counseled PCRA petition, arguing that he is actually innocent based upon newly-discovered evidence in the form of a letter received by Petitioner's counsel on June 22, 2006, from Petitioner's cousin, Gregory Anderson.  In the letter, Mr. Anderson avers that he provided false testimony identifying Petitioner as the shooter at Petitioner's preliminary hearing.  <u>See</u> Response, at Exhibit "E."  On July 12, 2007, the PCRA Court dismissed the third PCRA petition as untimely, explaining in a memorandum opinion that Petitioner failed to raise a viable claim of after-discovered evidence pursuant to the PCRA.  <u>Commonwealth v. Sistrunk</u>, C.P. 9401-1650, at 4 (Phila. Ct. Com. Pl. Feb. 20, 2008) ("Third PCRA Opinion").  Petitioner appealed to the Pennsylvania Superior Court, which recently affirmed the dismissal in a memorandum opinion dated October 2, 2008.  <u>Commonwealth v. Sistrunk</u>, 2131 EDA 2007 (Pa. Super. 2008).  He did not seek further review in the Pennsylvania Supreme Court.

Meanwhile, on December 22, 2006, while the third PCRA petition was pending in the state courts, Petitioner filed the present counseled petition for writ of habeas corpus, arguing that he is actually innocent based upon two pieces of alleged "newly-discovered" evidence – (1) the confession of Damon Rodriguez (now deceased) to his brother Manuel Rodriguez, and (2) the letter from Gregory Anderson in which Mr. Anderson avers that he provided false testimony at Petitioner's preliminary hearing.  In an Answer filed on April 5, 2007, Respondents argued that the petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") or, in the alternative, that the petition should be

dismissed as a mixed petition because at that time the second claim was still pending in the state courts.

As previously noted, on July 5, 2007, I filed a Report recommending that Petitioner's first claim be dismissed as time-barred and the second claim be dismissed, without prejudice, as unexhausted. On October 31, 2007, Judge Padova approved and adopted the Report as to the first claim, but stayed the petition with respect to the second claim pending the state courts' disposition of the claim in Petitioner's pending third PCRA petition.[4]

Following the Superior Court's October 2, 2008, decision affirming the dismissal of the third PCRA petition as untimely, Petitioner notified Judge Padova that the second claim had been exhausted. On October 31, 2008, Judge Padova recommitted the matter to me for a Supplemental Report and Recommendation as to that claim. On February 5, 2009, Respondents filed a Supplemental Response arguing that Petitioner's second claim is untimely and procedurally defaulted. Petitioner has not submitted any further briefing.

_____

[4]In doing so, Judge Padova relied on Rhines v. Weber, 544 U.S. 269 (2005), in which the Supreme Court approved of a "stay and abey" procedure when the federal court is faced with a mixed petition (containing both exhausted and unexhausted claims) and there is good cause for the petitioner's failure to exhaust state court remedies. See Sistrunk v. Rozum, No. 06-5630, at 9-10 (E.D. Pa. Oct. 31, 2007). As discussed more fully in Part II, infra at 12, the Rhines "stay and abey" procedure cannot transform a claim that is untimely as of the date a habeas petition is filed into a timely claim for purposes of habeas review.

II.     **DISCUSSION**

In Claim Two, Petitioner argues that he is actually innocent based upon newly-discovered evidence in the form of a letter received by Petitioner's counsel on June 22, 2006, from Petitioner's cousin, Gregory Anderson, in which Mr. Anderson avers that he provided false testimony at Petitioner's preliminary hearing.[5]

As explained in my original Report in the context of Petitioner's first claim, the federal courts cannot reach the merits of a claim without first being satisfied that the claim is timely.  Section 101 of AEDPA, effective April 24, 1996, amended federal habeas corpus law by imposing a one-year limitation period to an application for a writ of habeas corpus filed by a person in state custody.  28 U.S.C.A. § 2244(d)(1).  Typically, the AEDPA limitations period begins to run "on the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.A. § 2244(d)(1)(A).  If this date were to apply to Petitioner's second claim, the claim (and thus the entire petition) would be time-barred.  Petitioner's conviction became final on March 11, 1997, ninety days after the Pennsylvania Supreme Court denied allocatur on direct appeal.  See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)).  Thus, Petitioner's federal habeas petition filed on December 22, 2006, would be more than seven years late.

---

[5]At the preliminary hearing, Mr. Anderson identified Petitioner as the driver of the car and as the person who shot Ms. Moody.  Mr. Anderson did not testify at trial.

Petitioner does not present any argument regarding the timeliness of Claim Two, but rather asserts that Mr. Anderson's letter, which was received by counsel on June 22, 2006, "will support his assertion of innocence. . ." See Ptr.'s Memo at 13.  Although not stated as such, I will infer that Petitioner wishes to rely on a later start date for the running of the limitations period based on receipt of the letter on June 22, 2006.  See 28 U.S.C. § 2244(d)(1)(D) (limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").

Petitioner is not entitled to the later, alternative AEDPA start date.  In addressing the issue of whether Mr. Anderson's letter constituted newly-discovered evidence, the PCRA court found that Petitioner knew about the alleged evidence in the letter – that Mr. Anderson lied at Petitioner's preliminary hearing when he testified that Petitioner was the shooter – no later than the date of the preliminary hearing in January 1994.  See Third PCRA Opinion, at 4 ("Clearly, if [Petitioner] was not the shooter, he knew no later than January 1994, the date of Anderson's preliminary hearing testimony, that Anderson was lying").  Despite this knowledge, Petitioner never attempted to locate Mr. Anderson, but rather "sat quietly for more than decade until Anderson came forward with his alleged recantation."  Id.  The Pennsylvania Superior Court agreed, concluding that Petitioner "failed to provide reasonable explanation why he could not, with reasonable diligence, have discovered earlier than 2006 that his cousin lied at [the] preliminary hearing in

January 1994." Commonwealth v. Sistrunk, 2131 EDA 2007, at 2-3 (Pa. Super. 2008).

Federal courts are bound by such state court determinations. See 28 U.S.C. § 2254(e)(1)

("a determination of a factual issue made by a State court shall be presumed to be correct"

absent clear and convincing evidence to the contrary). Because the state courts found that

the factual predicate of Petitioner's claim was known to him in 1994, and that Petitioner

did not exercise reasonable diligence in the interim to investigate, the alternative start date

provided by section 2254(d)(1)(D) is not available.

As a result, the AEDPA limitations period commenced on March 11, 1997, and

Petitioner had until March 11, 1998, to bring this claim in a federal habeas petition.

Petitioner did not file the present habeas petition until December 22, 2006. Consequently,

unless the statute of limitations period was tolled by statutory or equitable principles

through the date he filed his federal petition, Claim Two is untimely.

Section 2244 provides that "the time during which a properly filed application for

State post-conviction or other collateral review . . . is pending shall not be counted toward

any period of limitation . . . ." 28 U.S.C. § 2244(d)(2). Petitioner did not present Claim

Two to the state courts until his third PCRA petition, which was filed on August 18,

2006. Because the state courts ultimately found the third PCRA petition to be untimely, it

cannot toll the running of the AEDPA limitations period. See Pace v. DiGuglielmo, 544

U.S. 408 (2005) (holding time limits are "filing conditions" such that pendency of an

untimely collateral appeal is not a basis for statutory tolling); Schlueter v. Varner, 384

F.3d 69, 78 (3d Cir. 2004) (same); <u>Merritt v. Blaine</u>, 326 F.3d 157, 165-66 (3d Cir. 2003) (same).  "When a postconviction petition is untimely under state law, that is the end of the matter for purposes of section 2244(d)(2)."  <u>Pace</u>, 544 U.S. at 414.  Accordingly, statutory tolling is not applicable as to Claim Two.

Nor do I find that principles of equitable tolling apply in this case.  The Third Circuit has held that equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair."  <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618 (3d Cir. 1988) (citation omitted).  In order to qualify for equitable tolling, "[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'  Mere excusable neglect is not sufficient."  <u>Id.</u> at 618-19 (citations omitted).[6]  Our Circuit Court has identified four circumstances in which equitable tolling is justified: (1) when the defendant has actively misled the plaintiff; (2) when the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) when the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum; or (4) when the plaintiff received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where

---

[6]These standards are consistent with anticipated Supreme Court standards.  For example, in assuming without deciding that equitable tolling is available, the United States Supreme Court has stated that a litigant bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  <u>Lawrence v. Florida</u>, 549 U.S. 327, 336 (2007) (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)).

the court has misled the plaintiff into believing that he had done everything required of

him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (citing United States v. Midgley,

142 F.3d 174, 179 (3d Cir. 1998); Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d

236, 239-40 (3d Cir. 1999)).  The court has cautioned, however, that equitable tolling is to

be invoked "only sparingly."  See Midgley, 142 F.3d at 179.  "In non-capital cases,

attorney error, miscalculation, inadequate research, or other mistakes have not been found

to rise to the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn,

240 F.3d 239, 244 (3d Cir. 2001).

 Here, Petitioner presents no arguments for the application of equitable tolling.

Nevertheless, given the nature of Petitioner's second claim, he would presumably argue

that the limitations period as to Claim Two should be equitably tolled on the ground that

he is actually innocent based on Mr. Anderson's letter to counsel.  As explained in my

original Report, and in Judge Padova's Order-Memorandum, neither the United States

Supreme Court nor the Third Circuit has specifically held that the AEDPA statute of

limitations can be equitably tolled based on a claim of actual innocence.  See McKeever

v. Warden SCI-Graterford, 486 F.3d 81, 84 n.5 (3d Cir. 2007) (court yet to hold that

AEDPA can be equitably tolled on basis of actual innocence); Horning v. Lavan, 197

Fed. Appx. 90, 93 (3d Cir. 2006) (same).[7]  Assuming without deciding the availability of

---

  [7]In a non-precedential opinion, the Third Circuit held that equitable tolling was appropriate where a petitioner demonstrated that he was "sentence[d] for a crime that in fact was not a crime."  Black v. Dist. Att'y of Phila., 246 Fed. Appx. 795, 798 (3d Cir.

such an exception, the Third Circuit has determined in a non-precedential opinion that in order to be entitled to equitable tolling a petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [his] claims." <u>Horning</u>, 197 Fed. Appx. at 94 (quoting <u>Miller</u>, 145 F.3d at 618-19).

I do not find the instant matter to be one of "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." <u>See</u> <u>Jones</u>, 195 F.3d at 159.  As previously noted, the federal courts are bound by the state courts' determination that Petitioner was aware of the alleged newly-discovered evidence contained in Mr. Anderson's letter at the time of Petitioner's preliminary hearing in January 1994, and that he waited more than twelve years without doing any investigation before raising the issue of his cousin's allegedly untruthful testimony.  <u>See</u> Third PCRA Opinion, at 4; <u>Commonwealth v. Sistrunk</u>, 2131 EDA 2007, at 2 (Pa. Super. 2008).  This lengthy delay supports the conclusion that Petitioner failed to pursue his rights with requisite due diligence.  <u>See</u> <u>Pace</u>, 544 U.S. at 418.  Moreover, as noted by the Superior Court, Petitioner undermined his claim of actual innocence by previously conceding that

---

2007).  Elsewhere, only the Fifth and Eighth Circuits have considered the issue of whether there is an actual innocence exception to the AEDPA time-bar.  The Fifth Circuit has held that a claim of actual innocence is not grounds for equitable tolling, <u>see</u> <u>Cousin v. Lensing</u>, 310 F.3d 843, 859 (5th Cir. 2002).  The Eighth Circuit has held that such grounds may exist, but that "a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or at the very least that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations."  <u>Flanders v. Graves</u>, 299 F.3d 974, 978 (8th Cir. 2002).

11

he was the assailant and that he fired in the heat of the moment or in a mistaken belief that a passenger in the victim's vehicle was reaching for a weapon.  See Commonwealth v. Sistrunk, 2131 EDA 2007, at 3 n.2 (Pa. Super. 2008).  As a result, there is no basis to toll the statute on this ground.

To the extent Petitioner would argue that Judge Padova's order staying the case pending the exhaustion of Claim Two somehow preserved the claim for purposes of federal habeas review, such an argument must fail.  The purpose of the "stay and abey" procedure is to preserve for future review claims that would be rendered untimely in the federal courts were it not for being placed in abeyance pending exhaustion of state court remedies.  See Rhines, 544 U.S. at 275-78 (recognizing conflict between exhaustion requirement and AEDPA's one-year statute of limitations, and giving state courts first opportunity to address unexhausted claims while preserving exhausted claims for future review).  However, there is nothing in Rhines or its progeny to suggest that the "stay and abey" procedure was intended to create a "back door" to the review of claims that were untimely at the time of their original filing date.  As a result, I am left with the fact that the state courts found Petitioner's third PCRA petition to be untimely – a conclusion that is binding on the federal courts.  See Pace, 544 U.S. at 414.  Because the state court determination rendered Petitioner's second claim untimely as of the date he filed the present federal habeas petition, the District Court's prior application of Rhines has no practical effect on the question of the timeliness of the claim.

In sum, I conclude that Petitioner's second claim is time-barred.[8]  Because Petitioner's first claim has already been dismissed as untimely and the second claim is the only claim remaining in the federal petition, I recommend that the entire petition be dismissed as untimely filed.

Therefore, I make the following:

**R E C O M M E N D A T I O N**

AND NOW, this     24th            day of February, 2009, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be dismissed as untimely filed.  There has been <u>no</u> substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/ ELIZABETH T. HEY

_____

ELIZABETH T. HEY
UNITED STATES MAGISTRATE JUDGE

---

[8]Because I find that Claim Two is time-barred, I do not find it necessary to address Respondents' alternative argument that the claim is procedurally defaulted.