IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD SISTRUNK | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD ROZUM, et al. | : | NO. 06-5630 |

## ORDER-MEMORANDUM

**AND NOW,** this 21st day of April, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and all attendant and responsive briefing, and after review of the Supplemental Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, and consideration of Petitioner's Objections to the Magistrate Judge's Supplemental Report and Recommendation, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Objections to the Supplemental Report and Recommendation of Magistrate Judge Elizabeth T. Hey are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing; and

4. There is no probable cause to issue a certificate of appealability.

I.  BACKGROUND

On May 18, 1995, Petitioner was sentenced to life imprisonment for the July 23, 1993 murder of Julmaine Moody. See Commonwealth v. Sistrunk, No. 2514 EDA 2003, slip op. at 1-2 (Pa. Super. Ct. Jan. 26, 2005).  He was also sentenced to terms of imprisonment of two and one-half to five years for possession of an instrument of crime; one to two years for each of two counts of

reckless endangerment; and one to two years for each of two counts of simple assault, the lesser sentences to run concurrently to the life sentence. Id. at 2. Sistrunk's sentence was affirmed by the Pennsylvania Superior Court on July 19, 1996. Commonwealth v. Sistrunk, No. 3511 Phila. 1995, slip op. (Pa. Super. Ct. July 19, 1996). His petition for allowance of appeal was denied by the Pennsylvania Supreme Court on December 11, 1996. Commonwealth v. Sistrunk, 686 A.2d 1310 (Pa. 1996) (table).[1]

He filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541-9546, on December 11, 1997, asserting that his appellate counsel was ineffective for failing to challenge the effectiveness of his trial counsel. Commonwealth v. Sistrunk, No. 1855 EDA 1999, slip op. at 1-2 (Pa. Super. Ct. June 19, 2000). The PCRA court dismissed the petition on the grounds that the issues had been litigated on direct appeal. Id. at 1. The dismissal was affirmed by the Pennsylvania Superior Court on June 19, 2000. Id. at 3. Petitioner filed a second PCRA petition on June 26, 2002, asserting that he was entitled to a new trial or evidentiary hearing based upon newly discovered evidence that another person had admitted to the shooting of Julmaine Moody. Sistrunk, No. 2514 EDA 2003, slip op. at 3. Petitioner alleged that he learned, on April 29, 2002, that "Damon Rodriguez, who is now deceased, allegedly told Manuel Rodriguez in 1993 that it was he who was driving the car and who shot at Snyder and hit

---

[1] Sistrunk's conviction became final on or about March 11, 1997, the date his deadline for filing a petition for certiorari in the United States Supreme Court for review of his direct appeal passed without his having pursued such relief. See 28 U.S.C. § 2101(c) (certiorari petition to be filed within 90 days after entry of judgment or decree); see also Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (holding "it is axiomatic that direct review of a state court criminal judgment includes the right to seek certiorari review in the United States Supreme Court," thus "a state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires").

Moody." Id. at 5.  The PCRA court dismissed this petition as untimely on July 9, 2003.  Id. at 3. The Superior Court affirmed on January 26, 2005.  Id. at 8.  Petitioner's petition for allowance of appeal of this decision was denied by the Pennsylvania Supreme Court on October 4, 2005. Commonwealth v. Sistrunk, 885 A.2d 533 (Pa. 2005) (table).  On August 18, 2006, Petitioner filed a third PCRA petition, asking the PCRA court to vacate his conviction and sentence based upon newly discovered evidence of Petitioner's actual innocence.  The third PCRA petition asserts that:

> On June 22, 2006, Petitioner's present counsel received a letter from Gregory Anderson.  In the letter, Anderson admits that he testified falsely at Petitioner's preliminary hearing because the police had coerced him into saying that Petitioner was the shooter/driver under threat of being charged with a crime himself.  Mr. Anderson did not shown [sic] up to testify at Petitioner's trial because he knew that the police were expecting him to testify similar [sic] to that which he falsely gave at the preliminary hearing and he didn't want to perjure himself again. . . .  Mr. Anderson's truthful testimony would have exonerated Petitioner of the crimes he has been convicted of.

(Resp. to Pet., Ex. E at 4-5.)

The third PCRA petition was still pending in the state courts at the time Sistrunk filed his federal habeas petition on December 22, 2006.  He asserted two claims for relief based upon newly discovered evidence of his actual innocence:  (1) the confession of Damon Rodriguez to his brother Manuel Rodriguez, which Petitioner learned about on April 29, 2002, and (2) the letter Petitioner's attorney received from Gregory Anderson on June 22, 2006.  (Pet. ¶ 12(A), (B).)  On July 5, 2007, Magistrate Judge Hey issued a Report and Recommendation, recommending that we dismiss the Petition in its entirety.  In an Order-Memorandum filed October 31, 2007, we adopted the Report and Recommendation with respect to Sistrunk's first claim, dismissing that claim, but sustained his objection regarding the second claim.  Because Sistrunk had filed a third PCRA petition for the

3

purpose of attempting to exhaust the issue involving the Anderson letter, and that petition was still pending, we stayed Claim Two of the Petition. Sistrunk proceeded to exhaust Claim Two and on October 30, 2008, we recommitted the matter to Magistrate Judge Hay to prepare a Supplemental Report and Recommendation.

The Supplemental Report and Recommendation ("R&R"), dated February 24, 2009, recommends that Claim Two be dismissed as time-barred. Magistrate Judge Hay determined that Sistrunk's conviction became final on March 11, 1997; that his federal petition was filed on December 22, 2006, more than seven years beyond the AEDPA statute of limitations, see 28 U.S.C. § 2244(d)(1); that the Anderson letter could not constitute "newly discovered evidence" under § 2244(d)(1)(D), and thus permit the one-year limitations period to begin as of the date the Anderson letter was received by Sistrunk's counsel; that Sistrunk's third PCRA petition did not toll the running of the AEDPA limitations period; that equitable tolling was not available; and that no certificate of appealability should issue. Sistrunk filed objections to the R&R on March 5, 2009. We find that none of the objections have merit.

II.     DISCUSSION

   A.     Objection 1 – Newly Discovered Evidence

Sistrunk first objects to the Magistrate Judge's recommendation that the Anderson letter could not constitute newly discovered evidence under § 2244(d)(1)(D). Sistrunk asserts that Anderson admitted that he testified falsely at Petitioner's preliminary hearing; Anderson did not appear at Sistrunk's trial because he knew that the police expected him to again testify falsely and he did not want to again perjure himself; and had Anderson not been coerced by the police, he would not have fled the area and would have been available to testify at Sistrunk's trial. Sistrunk asserts

that, had Anderson testified truthfully, Petitioner would have been exonerated. This objection has no merit.

The PCRA court found that Sistrunk knew about the alleged evidence in the letter, i.e, that Anderson allegedly perjured himself at the preliminary hearing, no later than the date of that hearing in January 1994. Notwithstanding his knowledge that Anderson had allegedly committed perjury, Sistrunk took no action for twelve years. The PCRA court found that Sistrunk offered no good reason why he could not, with reasonable diligence, have discovered earlier than 2006 that Anderson lied at the hearing.

Because the state court found that the factual predicate of Sistrunk's habeas claim was known to him in 1994, a finding of fact entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1), the Magistrate Judge committed no error in determining that the Anderson letter could not constitute newly discovered evidence under § 2244(d)(1)(D), in order to permit the one-year AEDPA limitations period to begin as of the date the Anderson letter was received by Sistrunk's counsel.

      B.      <u>Objection 2 – Equitable Tolling</u>

Having reviewed the applicable case law, the Magistrate Judge recommended that, even if the AEDPA statute of limitations was subject to equitable tolling based on a claim of actual innocence, the state court determinations that: 1) Sistrunk was aware that Anderson perjured himself at the time of the preliminary hearing, and 2) did nothing about it for twelve years, supported the conclusion that Petitioner failed to pursue his rights with requisite due diligence. Sistrunk objects to the recommendation that equitable tolling is not available on his alleged ground of actual innocence, asserting that it was error for the Magistrate Judge to have failed "to find that the

circumstances presented herein, related to the admissions against interest by Mr. Anderson, were not of such an exculpatory nature, establishing the actual innocence of the Petitioner, that the interests of justice require application of equitable tolling." This objection has no merit.

The Magistrate Judge was correct when she recommended that, in order to qualify for equitable tolling, a petitioner must show that he "exercised reasonable diligence in investigating and bringing [the] claims." (R&R at 9 (citing Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1988)). The state court's factual determinations that Sistrunk was aware that Anderson perjured himself at the time of the preliminary hearing and that Petitioner did nothing about it for twelve years are entitled to the presumption of correctness under 28 U.S.C. § 2254(e)(1). Accordingly, we find that there was no error in the recommendation that Sistrunk's claim of actual innocence was not equitably tolled due to his failure to exercise due diligence.

        C.        <u>Objection 3 – Sistrunk's Statements Against Interest</u>

As part of her discussion of the equitable tolling issue, Magistrate Judge Hay also recommended, in the alternative, that Sistrunk's claim of actual innocence has been undermined by the fact that he has previously admitted that he was the assailant, but had fired in the heat of the moment or in mistaken belief that a passenger in the victim's vehicle was reaching for a weapon. (R&R at 11-12, citing <u>Commonwealth v. Sistrunk</u>, 2131 EDA 2007, at 3 n.2 (Pa. Super. Ct. Oct. 2, 2008)). Sistrunk objects to the Magistrate Judge's recommendation that he undermined his actual innocence claim because the state court opinion cited by the Magistrate Judge is not an actual finding of fact. We agree with Sistrunk that the Superior Court's footnote, noting only an "observation" by the Commonwealth in its Response that Petitioner had previously conceded he was the assailant, is not a finding of fact. Nonetheless, given the primary basis for the Magistrate Judge's correct

6

recommendation on equitable tolling discussed immediately above, Sistrunk's objection to her alternative basis has no merit.

    D. <u>Objection 4 – Failure to Consider that a Recantation is itself Newly-discovered Evidence</u>

Sistrunk next objects to the R&R on the ground that the Magistrate Judge failed to consider that Anderson's recantation itself, and not Sistrunk's knowledge that Anderson lied at the preliminary hearing, was the newly-discovered evidence. He argues that the recantation established for the first time that Anderson was willing to tell the truth. He also asserts that Anderson's decision to recant his alleged perjury was not within Sistrunk's control and that Sistrunk was prohibited by Department of Corrections policies from attempting to contact Anderson, who was also incarcerated. This is not a meritorious objection.

Evidence that is known by the Petitioner, but unavailable at trial does not constitute "newly discovered evidence." <u>United States v. Jasin</u>, 280 F.3d 355, 362 (3d Cir. 2002) (construing Fed. R. Crim P. 33); <u>see also</u> <u>United States v. Lockett</u>, 919 F.2d 585, 591 (9th Cir. 1990) ("newly discovered evidence" does not mean "newly available evidence" in the context of Fed. R. Crim. P. 41); <u>Libby v. Magnusson</u>, 177 F.3d 43, 50 (1st Cir. 1999) (holding that, under § 2244(b)(2)(B)(i), courts look to when the petitioner knew of his alibi witness, not when the witness was ready to provide evidence); <u>Escamilla v. Walls</u>, Civ. A. No. 00-3270, 2004 WL 1718657, at *3 (N.D. Ill. July 30, 2004) ("a court must focus on when the factual predicate '*could have been discovered through the exercise of due diligence,*' not when it was actually discovered by a given prisoner" quoting <u>Owens v. Boyd</u>, 235 F.3d 356, 359 (7th Cir. 2000)). The allegation that Anderson was unwilling to recant his testimony prior to 2006 does not make the fact that he lied in 1994 "newly-discovered." The

proper focus of § 2244(d)(1)(D) is when the factual predicate of the claim could have been discovered through due diligence, not when it was actually discovered, or actually available to Sistrunk. The PCRA court's factual determination that Sistrunk knew Anderson was lying at the time he testified at the preliminary hearing is determinative of the issue. Accordingly, we find that the Magistrate Judge did not err in determining that Anderson's recantation was not newly-discovered evidence.

    E.    <u>Certificate of Appealability</u>

Finally, Sistrunk objects to the Magistrate Judge's recommendation that no certificate of appealability be issued pursuant to 28 U.S.C. § 2253(c). Having found no merit to his substantive objections, we agree with the Magistrate Judge that Sistrunk has failed to make a substantial showing of the denial of a constitutional right.

BY THE COURT:

s/John R. Padova
John R. Padova, J.